# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| **W. DEXTER HARRISON,** | : | |
| **MARTIN L. HARRELL, and** | : | |
| **CHARLES L. HARRELL,** | : | |
| | : | |
| Defendants. | : | |

_____

# <u>ORDER</u>

This matter came before the Court for a hearing on November 30, 2005, on Defendant Charles L. Harrell's Second Motion to Sever Charges and Defendants [doc 75] and Defendant Martin L. Harrell's Motion to Sever Charges and Motion in Limine [doc 98].[1]  After hearing from the parties,[2] and after consideration of the briefs, the Court grants the Motions, in part, as more fully stated herein.

The Federal Rules of Criminal Procedure provide for the joinder of offenses and defendants with certain limitations.  Specifically, Rule 8 provides:

---

[1] Charles Harrell's initial Motion to Sever Charges and Motion in Limine [doc 57] was filed on October 10, 2005, and was rendered moot by the filing of the superseding indictment on October 21, 2005.  Similarly, Martin Harrell's initial Motion to Sever Charges and Motion in Limine [doc 60], filed on October 21, 2005, is rendered moot by the filing of the superseding indictment.

[2] Dexter Harrison, who was arraigned prior to the hearing on November 30, 2005, did not have an opportunity to file a separate motion to sever.  At the hearing he moved to be allowed to join in the motions of the other defendants and the Court granted that request.  Harrison also had the opportunity to present oral argument on the motions, and filed a brief after the hearing, which the Court has considered.

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).  Defendants contend, among other things, that the superseding indictment, which contains thirteen counts, violates the requirement in Rule 8(b) that defendants joined in an indictment must "have participated in the same act or transaction, or in the same series of acts or transactions."

The United States Court of Appeals for the Eleventh Circuit has stated, as a general rule, that "Rule 8 'is broadly construed in favor the initial joinder'" because it is intended to promote judicial economy and efficiency.  United States v. Weaver, 905 F.2d 1466, 1476 (11th Cir. 1990) (quoting United States v. Davis, 773 F.2d 1180, 1181 (11th Cir. 1985)).  However, the goals of economy and efficiency are tempered by "a countervailing purpose," which is "'to prevent the cumulation of prejudice [growing out of] charging several defendants with similar but unrelated offenses.'"  Id. at 1477 (quoting United States v. Bova, 493 F.2d 33, 35 (5th Cir. 1974)) (internal quotations omitted).

A trial court considering whether initial joinder is proper under Rule 8(b) is required to examine the allegations stated on the face of the indictment.  Id.  When the facts underlying each offense of the indictment "'are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper.'"  Id. (quoting United States v. Gentile, 495 F.2d 626, 630 (5th Cir. 1974)).  However, where different facts and circumstances must be established to support the alleged offenses, the offenses cannot be

properly joined.  Id.

After examination of the allegations of the indictment at issue here, the Court finds that the offenses are not properly joined because they do not arise from the same acts or transactions, or the same series of acts or transactions.  The Court further finds that because different facts and circumstances must be established to support the alleged offenses, certain counts of the superseding indictment must be severed and tried separately from other counts of the superseding indictment.

In Counts One, Two, and Three, which pertain to the alleged threats to and intimidation of the Chandler family, the allegations arise from events that began in 1999 when William Chandler and Martin Harrell entered into a written contract to pasture beef cattle and continued into 2000 when Martin Harrell and William Chandler had a dispute about the contract.  Martin Harrell and Charles Harrell allegedly threatened William Chandler and his family in an attempt to obtain payment from Chandler.  Counts One and Two thus charge Charles and Martin Harrell with conspiring to violate the Hobbs Act and with a substantive violation of the Hobbs Act, and Count Three charges Martin Harrell with a violation of Interstate Travel in Aid of Racketeering for allegedly offering to pay an individual to kill Chandler.  All of these events occurred in the year 2000.

By contrast, Counts Five, Six, Seven, Ten, Twelve, and Thirteen, arise from an arson that was allegedly planned beginning in 2001 and resulted in a fire at a hotel on January 7, 2002.  As to these events, Martin Harrell and Dexter Harrison are charged in Count Five with having conspired to commit arson and mail fraud, and both are charged in Counts Six and Seven with

3

having committed the substantive offenses of mail fraud and arson, respectively.  Furthermore, in Counts Twelve and Thirteen respectively, Martin Harrell and Dexter Harrison are charged separately with having made misleading statements to law enforcement officials during the investigation of the arson.  Thus, the facts underlying Counts Five, Six, Seven, Twelve, and Thirteen are all sufficiently connected that joinder of these counts is proper.  However, they are not sufficiently connected to the facts underlying Counts One, Two, and Three to permit joinder of these offenses.

Furthermore, the facts underlying Count Ten are sufficiently connected to Counts Five, Six, Seven, Twelve, and Thirteen to make joinder of these six counts proper. With respect to Count Ten, the allegations of the indictment are that while he was in jail, after having been charged with, among other things, arson, Martin Harrell attempted to stop Julie Harrell from cooperating with law enforcement authorities so that he could be released from jail.  Count Ten could reasonably be connected to any of the offenses for which he was under indictment as of the date of the alleged witness tampering, which could be either the Chandler events or the arson.  Thus, the Court finds that Count Ten is sufficiently connected to the arson charges to make its joinder with Counts Five, Six, Seven, Twelve and Thirteen proper.

The allegations in Count Four are that Charles Harrell attempted to prevent Julie Harrell from providing information to law enforcement officials about the arson and the Chandler events.  Thus, Count Four is sufficiently connected with Counts One, Two, and Three to permit its joinder with them and is also sufficiently connected with Counts Five, Six, Seven, Ten,

4

Twelve, and Thirteen to permit its joinder with them.[3]  However, joining Count Four with the arson Counts would prejudice Charles Harrell because he has no other connection with those Counts.  Therefore, it is the opinion of the Court that Count Four is more properly joined with Counts One, Two, and Three for purposes of trial.

The remaining Counts, Eight, Nine, and Eleven, allege witness tampering by Martin Harrell.  Counts Eight and Nine stem from conduct allegedly engaged in by Harrell during the pendency of a civil suit arising from the arson which is the subject of Counts Five, Six, and Seven.  Although the factual allegations of Counts Eight and Nine share a nexus with Counts Five, Six, and Seven, in that they all originated as the result of the same fire, that nexus is not sufficiently strong to try them together.  Except for the fact of the fire, Counts Eight and Nine do not arise from the same acts or transactions as the other Counts.  Therefore, Counts Eight and Nine are not properly joined in the indictment.

Similarly, Count Eleven is not properly joined.  Count Eleven alleges that on January 8, 2002, Martin Harrell threatened Phillip and Mary Linsolata because of a dispute about a lease of commercial crop land.  Count Eleven does not arise from the same series of acts or transactions as either the Chandler events or the arson and, therefore, is not properly joined with either.  Count Eleven is more properly joined with Counts Eight and Nine, which do not involve any Defendant other than Martin Harrell.  Although different facts and circumstances will have to be established to support the allegations in Count Eleven than will be required to support the

---

[3] However, the Court does not believe that the allegations in count Four provide a sufficient nexus between the Chandler events and the arson to permit the joinder of the Chandler offenses (Counts One Two and Three) with the arson events (Counts Five, Six, Seven, Ten, Twelve, and Thirteen).

allegations in Counts Eight and Nine, there is less likelihood of prejudice arising from the joinder of Count Eleven with Counts Eight and Nine than with the joinder of Count Eleven and any other of the Counts.  Furthermore, joining Count Eleven with Counts Eight and Nine, rather than trying it separately, will promote judicial economy and efficiency.

In view of the foregoing, the Court grants Defendants' Motions insofar as they seek to sever the Counts of the superseding indictment for purposes of trial.  Insofar as the Motions seek to sever Defendants or seek dismissal of the Counts, they are denied.  Defendant Martin Harrell's Motion in Limine is denied with permission to renew the same at trial if the circumstances warrant.

The Court hereby directs that the Counts of the superseding indictment are to be tried according to the following schedule:  First trial–Counts Five, Six, Seven, Ten, Twelve, and Thirteen; Second Trial–Counts One, Two, Three, and Four; Third Trial–Counts Eight, Nine, and Eleven.  The Court anticipates that these trials will take place during the term of court set to begin on February 6, 2005.

**SO ORDERED**, this the 7th day of December, 2005.


**s/   Hugh Lawson**
**HUGH LAWSON, JUDGE**

mls

6