IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Action No. 6:05-cr-17 (HL) |
| : | |
| W. DEXTER HARRISON, : | |
| MARTIN L. HARRELL, and : | |
| CHARLES L. HARRELL, : | |
| : | |
| Defendants. : | |

_____

## ORDER

The Government has filed a Notice of Intent to Present 404(b) Evidence as to the following events or incidents:

- 1997 Arson of Farm Equipment

- 1999 Arson of Farm Equipment

- 2002 Threats Involving the Linsolatas

- Prior Arrests of Martin Harrell from 1992, 1995, 1996

- Threatening Phone Call Made to Greg Arline

- Threats to Wanda Kelly

- Threat to Georgia Farm Bureau Insurance Adjustor Vince Luke.

Defendants have raised objections to the use of the foregoing evidence at trial.

With respect to the prior arrests, the Government has indicated that it will not reference the arrest record of Martin Harrell during opening statement and will wait until trial to determine whether it will seek to introduce the evidence. Accordingly, as to the prior arrests

of Martin Harrell, the Court offers no opinion as to the admissibility of such evidence at this time.

Similarly, with respect to the threats involving the Linsolatas, the Government has indicated that it will not reference the Linsolata evidence in opening statement and will wait until trial to determine whether it will seek to introduce the evidence. Accordingly, as to the Linsolata incidents, the Court offers no opinion as to the admissibility of such evidence at this time.

With respect to the threatening phone call made to Greg Arline, the Court finds that the evidence is admissible for the limited purpose of showing the capacity of Defendant Martin Harrell to convince the object of his threats of the intensity, malevolence, and seriousness of purpose of the threats. Such a showing is appropriate with respect to the Government's contention that Defendant Martin Harrell intended to convey a similar intensity, malevolence, and seriousness of purpose when he made the threats which are the subject of prosecution under 18 U.S.C. § 1512(b)(1) in Counts 8 and 9 of the superseding indictment. The issue of whether a communication is a threat within the meaning of § 1512(b)(1) is a question for the jury. United States v. Matthews, 431 F.3d 1296, 1310 (11th Cir. 2005); the Arline evidence is relevant to that issue. *See also* United States v. Cohen, 888 F.2d 770 (11th Cir. 1989) (noting that Rule 404(b) is a rule of inclusion which allows evidence of other acts unless such evidence tends to prove only criminal propensity and also noting that the list of permitted purposes provided by the Rule is not exhaustive).

As to the remaining items of evidence the Government seeks to introduce under Rule

2

404(b)–the 1997 burning and 1999 burning of farm equipment, the threats to Wanda Kelly, and the threat to Vince Luke–the Court directs the Government to provide more information. Specifically, the Government is directed to identify the specific purpose for which it seeks to introduce the evidence. In this regard, the Government should not merely recite the language of Rule 404(b). Furthermore, the Government is directed to explain what the evidence will be and how the evidence will advance the purpose for which it is sought to be introduced. The Government should also provide the Court with citations to any cases that might support its position.[1] This information should be filed with the Court by not later than 12:00 noon on Monday, February 13, 2006.

**SO ORDERED**, this the 9th day of February, 2006.

                                                   s/ Hugh Lawson
                                                  **HUGH LAWSON, JUDGE**

mls

---

[1] The Court notes that should the Government seek to introduce at trial the evidence of Martin Harrell's prior arrests or the Linsolata evidence, it should be prepared to make a similar showing when moving to introduce such evidence.