IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Action No. 6:05-cr-17 (HL) |
| : | |
| W. DEXTER HARRISON, : | |
| MARTIN L. HARRELL, and : | |
| CHARLES L. HARRELL, : | |
| : | |
| Defendants. : | |
| _____ | |

# ORDER

This matter came before the Court for hearing on February 1, 2006. After hearing from the parties, the Court directs as follows:

1. Defendant Dexter Harrison's Motion in Limine [doc 136] is granted, in part. In the Motion Defendant Harrison requests that the Government be prevented from introducing or making reference to statements Martin Harrell may have made to a third-party in which Martin Harrell indicated that he was hired by Dexter Harrison to set fire to the Ramada Ltd. The Court reserves ruling on the admissibility of the statements until such time as the Government intends to introduce them at trial. Therefore, the Government is prohibited from mentioning the disputed statements in its opening statement or otherwise making reference to the statements until such time as the Court rules on their admissibility.

2. The Government's Motion to Compel Disclosure, or in the alternative, to Exclude Testimony and Evidence of Undisclosed Alibi Witnesses [doc 147] is moot. The Government informed the Court that Defendant Martin Harrell's Amended Response to United States'

Request for Demand for Disclosure of Expert and Alibi Witnesses, filed on January 31, 2006, was sufficient to satisfy the Government as to Defendant's obligations under Rule 12.1(2).

3. The Court reserves ruling on Defendant Charles Harrell's Motion to Produce Evidence Related to the Hobbs Act Charge and the Related Investigation [doc 148]. Because the evidence sought by the Motion pertains to those counts of the indictment that are to be tried later, after the arson counts, the Court will take the matter up again at a later date.

4. The Government's Motion in Limine Concerning Character Evidence [doc 152] is granted, in part, and denied, in part. Defendants acknowledge the limitations placed on character evidence by Rule 405 of the Federal rules of Evidence. Given Rule 405's limitations on the methods of proving character, the Court is of the opinion that Defendants will not be prejudiced if they are limited in the number of character witnesses they may call. Therefore, the Court limits each Defendant to five character witnesses. The Court believes that five is a sufficient number to enable each Defendant to call character witnesses from a cross-section of the community.

5. With respect to Defendant Martin Harrell's Motion in Limine [doc 155], the Court directs as follows:

a. The Court reserves ruling on subsection 1 of Defendant's Motion until such time as the Government has identified the specific communications between Defendant Martin Harrell and his wife, Julie Harrell, that it intends to introduce at trial and until the evidentiary hearing to determine the admissibility of the communications which is scheduled for February 14, 2006.

b. Insofar as subsection 2 of Defendant's Motion seeks to have the Government's

Rule 404(b) evidence excluded on the grounds that proper notice was not given, the Motion is denied. The specific items of Rule 404(b) evidence that the Government seeks to introduce at trial are the subject of a separate Order entered February 9, 2006.

    c. The Court will reserve ruling on subsection 3 of Defendant's Motion concerning the admissibility of evidence by the Government showing that Defendant Martin Harrell failed to file tax returns during certain specified years.

    d. With respect to subsection 4 of Defendant's Motion, the Government has agreed that its expert, Thomas J. Garnier, will not give an opinion, based on his analysis of Defendant Martin Harrell's financial records, as to Defendant Martin Harrell's motives for allegedly committing the arson. The Court thus concludes that subsection 4 of Defendant's Motion in Limine is moot. If Defendant believes that other issues remain for determination, they should be brought to the Court's attention at the pretrial conference scheduled for February 14, 2006, in Albany, Georgia.

    6. Charles Harrell's Motion for Disclosure of Government's Witness List and Relevant Information [doc 159] is granted, in part, and denied, in part. The Government is directed to produce to Defendants any statements of its witnesses at least 48 hours before the witness testifies at trial. The Government agrees to disclose the other information sought by Defendant's Motion within a reasonable time prior to trial. If the parties cannot agree on what constitutes a "reasonable time" they should bring the matter to the Court's attention at the pretrial conference scheduled for February 14, 2006, in Albany, Georgia.

    7. The Government's Request for Individual Voir Dire of Potential Jurors [doc 164] is

denied, in part. Insofar as the Government seeks to voir dire each potential juror individually, that request is denied. The Court is of the opinion that many of the concerns raised by the Government in its Motion can be addressed at the start of voir dire by cautioning the prospective jurors not to offer information unless specifically requested to do so. The Court will wait until the time of trial to determine whether to permit individualized voir dire of certain potential jurors based on the responses they give during the voir dire of the jury pool.

8. The Government's request to shield jurors from contact is denied, in part. Certain measures requested by the Government for limiting juror contact with participants and observers are routinely employed by the Court and will be employed in this case. However, the Court declines the Government's request to employ additional measures, such as sequestered lunches for the jury.

9. The Court grants Defendants a total of 12 peremptory challenges to divide among themselves in whatever fashion they may agree upon for the selection of the trial jurors. The Court will seat two alternate jurors. The Government and each Defendant will be allowed one peremptory challenge for the selection of the alternate jurors.

**SO ORDERED**, this the 13th day of February, 2006.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls