IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| **MARTIN L. HARRELL, and** | : | |
| **CHARLES L. HARRELL,** | : | |
| | : | |
| Defendants. | : | |

_____

# ORDER

Before the Court are a Notice of Intent to Present 404(b) and/or Inextricably Intertwined Evidence (Doc. # 250) filed by the Government and Objections filed by Defendants Charles Ladon Harrell (Doc. # 262) and Martin Harrell (Doc. # 264). The Court's reasoning and rulings related to this evidence are detailed below.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Government seeks to introduce various items of evidence against each Defendant in his upcoming trial. The Government contends portions of this evidence are admissible as 404(b) evidence, and the remainder, while not 404(b) evidence, is inextricably intertwined with the offenses with which Defendants are charged. Defendants respond that each piece of evidence should be ruled inadmissible. The Court notes this is not the first time the parties have argued about the admissibility of much of this evidence, as numerous motions and memoranda

were filed in Defendants' prior trial.[1]  The Court has considered all of the parties' previously filed briefs, its own previous Order and rulings, and the parties' current filings.  In light of these arguments and information, the Court will examine each of the eleven pieces of evidence in question individually and rule accordingly.

**II.    ANALYSIS**

    **A.    Rule 404(b) and Inextricably Intertwined Evidence**

Federal Rule of Evidence 404(b) provides in relevant part that

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).

The United States Court of Appeals for the Eleventh Circuit has stated its test for admissibility of 404(b) evidence as follows:

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005) (citation and quotation omitted).  Furthermore, "Rule 404(b) is a rule of *inclusion*."  United States v. Baker, 432 F.3d

---

[1] These motions and memoranda include Document #'s 56, 62, 63, 151, 168, 178, 191, 203, 206 and 209.  The admissibility of 404(b) evidence was also discussed at a pretrial conference on February 1, 2005, and during the Harrells' first trial.  The Court issued a written Order addressing some of the 404(b) issues on February 9, 2006 (Doc. # 186), and made several rulings from the bench during the jury trial.

1189, 1204-05 (11th Cir. 2005) (emphasis added).

However, Rule 404(b) extends only to "extrinsic" evidence. United States v. Utter, 97 F.3d 509, 513 (11th Cir. 1990). Evidence of criminal activity other than the offense charged is not prohibited extrinsic evidence if the evidence is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with evidence on the charged offense. Id. at 1205 n.9. "This so-called 'res gestae' often arises during trials for conspiracies where the other crimes, wrongs, or acts describe the co-conspirators' behavior within the scope and in furtherance of the charged conspiracy. Although not subject to Rule 404(b), admission of *res gestae* must still satisfy Rule 403." Id. (citations and quotations omitted).

### B.     Application to Martin Harrell

#### 1.     Threat Against Gregg Arline

The Government seeks to introduce evidence relating to a threatening phone call Martin Harrell made to Greg Arline under Rule 404(b). (Doc. # 250 at 2.) The Government contends that Martin Harrell intended to convey a similar intensity, malevolence, and seriousness of purpose when he made the threats which are the subject of prosecution under 18 U.S.C. § 1951(a)(1) in Counts 1 and 2 of the superseding indictment. Martin Harrell opposes this evidence as unrelated to the matter involved in the trial of this case. (Doc. # 264 at 2)

Based on the same reasoning the Court used to find this evidence admissible in Martin Harrell's last trial (Doc. # 186 at 2), the Court again finds this evidence is admissible for the limited purpose of showing the capacity of Martin Harrell to convince the object of his threats

of the intensity, malevolence, and seriousness of purpose of his threats. "The issue whether a communication is a threat is a question of fact to be left to the jury" United States v. Taylor, 972 F.2d 1247, 1251 (11th Cir. 1992); the Arline evidence is relevant to that issue. In summary, this evidence satisfies the test set forth in Matthews in that it is relevant to an issue other than Martin Harrell's character, it is established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act, and its probative value is not substantially outweighed by its undue prejudice.

### 2.    Death Threats Against Wanda Kelly

The Government seeks to introduce evidence relating to threats made against Wanda Kelly under Rule 404(b). (Doc. # 250 at 2.) Martin Harrell opposes this evidence as unrelated to the matter involved in the trial of this case. (Doc. # 264 at 2.) The Court ruled this evidence admissible at the Harrell's first trial, and again finds it is admissible for the limited purpose of showing the capacity of Martin Harrell to convince the object of his threats of the intensity, malevolence, and seriousness of purpose of his threats. This evidence is relevant to an issue other than Martin Harrell's character, it is established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act, and its probative value is not substantially outweighed by its undue prejudice.

### 3.    Death Threat Against Vince Luke

The Government seeks to introduce evidence relating to a threat made against Georgia Farm Bureau Insurance Adjuster Vince Luke under Rule 404(b). (Doc. # 250 at 2.) Martin Harrell opposes this evidence as unrelated to the matter involved in the trial of this case.

4

(Doc. # 264 at 2.) The Court ruled this evidence admissible at the Harrell's first trial, and again finds it is admissible for the limited purpose of showing the capacity of Martin Harrell to convince the object of his threats of the intensity, malevolence, and seriousness of purpose of his threats. This evidence is relevant to an issue other than Martin Harrell's character, it is established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act, and its probative value is not substantially outweighed by its undue prejudice.

### 4. Threats Against the Linsolatas

The Government seeks to introduce evidence relating to threats made against the Linsolatas under Rule 404(b). (Doc. # 250 at 2-3.) The Government argues this incident is relevant because it shows how quickly Martin Harrell turns to threats of violence when he has a dispute with another party about a farming venture, the same conduct that allegedly occurred in the case at bar. (Id. at 2.) Martin Harrell opposes this evidence as insufficiently related to the matter involved in the trial of this case, and as an unnecessary mini-trial in direct violation of the severance order. (Doc. # 264 at 1-4.)

The Court finds this evidence is admissible for the limited purpose of showing the capacity of Martin Harrell to convince the object of his threats of the intensity, malevolence, and seriousness of purpose of his threats. This evidence is relevant to an issue other than Martin Harrell's character, it is established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act, and its probative value is not substantially outweighed by its undue prejudice. The Court is unconcerned about this matter devolving into a mini-trial or that this ruling violates the spirit of its earlier severance order. While the Government may

introduce evidence sufficient to permit the jury in this case to find that Martin Harrell committed this extrinsic act, the use of such evidence will not violate the severance order. The jury impaneled for the Hobbs Act portion of the case cannot convict Martin Harrell of criminal conduct in the Linsolata matter.[2]

### 5.     Judge Cato's Order

The Government seeks to introduce as inextricably intertwined evidence,[3] portions of an order issued on September 15, 2002, by Judge Cato of the Grady County Superior Court. (Doc. # 250 at 3.) The Government makes no specific argument about how this evidence arose out of the same transaction or series of transactions as the charged offense, is necessary to complete the story of the crime, or is inextricably intertwined with evidence on the charged offense. Martin Harrell opposes this evidence, in conjunction with any mention of the Linsolata matter, as an unnecessary mini-trial and in direct violation of the severance order. (Doc. # 264 at 2.)

Even assuming the Government has made a sufficient showing that this evidence is not prohibited extrinsic evidence, it still must satisfy Rule 403. The Court finds that it does not. The probative value of this evidence is substantially outweighed by its undue prejudice, as

---

[2] Indeed, another jury will have the opportunity to render a judgment on this question: Count Eleven of the Superseding Indictment is currently scheduled for trial when the current matter concludes.

[3] The Court assumes the Government seeks to introduce this evidence as inextricably intertwined evidence, rather than as 404(b) evidence. While the Government did not state so explicitly in this section of its Notice, in the introduction to the Notice it noted "[m]uch of the evidence listed below is not 404(b) evidence . . . . [it] is inextricably intertwined." (Doc. # 250 at 1.) The Government then included the notation "404(b)" evidence in some subheadings, but not in others. This piece of evidence falls into the latter category, hence the Court's assumption.

jurors in the present case may find a former judicial conclusion, cloaked in the mantle of the courts, weighs improperly on their minds. It is the verdict of this jury in regards to the presently charged crimes that is of paramount importance, not the findings of a judge in another matter. Therefore, this evidence is inadmissible.

### 6. Death Threats Against Julie Harrell

The Government seeks to introduce evidence[4] that Martin Harrell made approximately 15 death threats against Julie Harrell. (Doc. # 250 at 3-4.) Martin Harrell opposes this evidence for a number of reasons, including (1) it does not meet the first and third tests for admissibility under Rule 404(b), (2) it only seeks to prove Defendant is a bad person, (3) it would be misleading and confusing to the jury, and (4) it would likely violate the marital communications privilege. (Doc. # 264 at 2). The Court issued an extensive Order on April 26, 2006 (Doc. # 269), in which it ruled the Harrells were, at all relevant times, engaged in a valid marriage, and that Martin Harrell was entitled to assert the marital communications privilege. As such, these alleged death threats constitute protected communications from Martin Harrell to his wife, and they are inadmissible for that reason.

### 7. Attempts to Hire a Hit Man to Kill Julie Harrell

The Government seeks to introduce evidence[5] that Martin Harrell attempted to

---

[4] The Court assumes the Government seeks to introduce this evidence as inextricably intertwined with the offenses with which Defendants are charged, rather than as 404(b) evidence. See footnote 3 supra.

[5] The Court might assume the Government seeks to introduce this evidence as inextricably intertwined evidence, rather than as 404(b) evidence, for the reasons summarized in footnote 3 above. However, despite the Government's never having labeled this evidence as 404(b) evidence, its

hire a hit man to kill his wife, Julie Harrell.  (Doc. # 250 at 4.)  The Government argues this attempt to hire a hit man is "part of Marty Harrell's modus operandi and is relevant to show his intent in the instant case."  (Id.)  Martin Harrell opposes this evidence as improper 404(b) evidence because it is irrelevant to any issue other than his character and its probative value is substantially outweighed by its undue prejudice.  (Doc. # 264 at 1-2.)  The Court allowed this testimony at Martin Harrell's previous trial.

Based on the same reasoning the Court used to find this evidence admissible in Martin Harrell's last trial, the Court again finds this evidence is admissible for the limited purpose of showing Martin Harrell's intent and modus operandi in the present matter.  This evidence is relevant to an issue other than Martin Harrell's character, it is established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act, and its probative value is not substantially outweighed by its undue prejudice.

### C.   Application to Charles Ladon Harrell

#### 1.   Don Harrell's Statements at the Mitchell County Magistrate Court

The Government seeks to introduce evidence relating to testimony Don Harrell gave under oath at a Mitchell County Magistrate Court warrant hearing on December 14, 2000,

---

argument utilizes 404(b) language, i.e. "modus operandi" and "intent." (Doc. # 250 at 4.) Likewise, Martin Harrell's response argues this evidence is inadmissible on 404(b) grounds. (Doc. # 264 at 2.) Therefore, because both the Government's presentation of this evidence implicitly invokes 404(b), and Martin Harrell's response explicitly disputes it on 404(b) grounds, the Court will examine this evidence under the 404(b) rubric.

under Rule 404(b).  (Doc. # 250 at 4-5.)  Don Harrell opposes this evidence as irrelevant to the case at hand and improper under Rule 404(b).  (Doc. # 262 at 3-4.)  The Court finds this testimony is being offered for the sole purpose of persuading the jury that Don Harrell has a violent nature, and therefore is impermissible character evidence.  The Government has failed to explain how this evidence might be permissible under Rule 404(b), and the Court is unaware of any such rationale.  Accordingly, this evidence is inadmissible.

### 2. Kenneth Beech's Testimony

The Government seeks to introduce as inextricably intertwined evidence[6] that Don Harrell described to his cell-mate, Kenneth Beech, how to dispose of a body in a swamp.  (Doc. # 250 at 5-6.)  The Government argues this statement is especially relevant in the Hobbs Act case because Bobby E. Powell disappeared immediately after the attack on the Chandlers, and that it relates to statements made by Martin Harrell.  Don Harrell opposes this evidence as irrelevant to the case at hand and improper under Rule 404(b) (Doc. # 262 at 4-5).

Although the Court found this evidence was admissible in the last trial against Don Harrell, it is unpersuaded that the evidence is properly admissible in the trial at hand.  Despite the Government's implications that Bobby E. Powell has been killed and his body disposed of, Don Harrell has not been charged with any such crime.  Similarly, the crimes of which Don Harrell stands accused in the present trial do not bear sufficient similarity to his alleged statements to Kenneth Beech to support any exception under 404(b), nor is his statement

---

[6] The Court assumes the Government seeks to introduce this evidence as inextricably intertwined evidence, rather than as 404(b) evidence.  See footnote 3 supra.

inextricably intertwined with any current charge. Furthermore, the Court ruled that the statements in question made by Martin Harrell to his wife are inadmissible at the upcoming trial due to the marital communications privilege. (See Doc. # 269 at 16-17.) Accordingly, this evidence is inadmissible.

### 3.     An Assault on Michael McMurphy

The Government seeks to introduce as inextricably intertwined evidence[7] that Don Harrell assaulted Michael A. McMurphy during the summer of 2005. (Doc. # 250 at 6-7.) Other than describing the assault, the Government offers no argument about why this information may be admissible. Don Harrell opposes this evidence as irrelevant to the case at hand and unreliable. (Doc. # 262 at 5-6.)

Because the Court is unsure for what purpose the Government submits this testimony is admissible, it cannot rule on this evidence at this time. The Court directs the Government to provide more information and identify the specific purpose for which it seeks to introduce the evidence. Furthermore, should the Government seek to introduce this evidence under 404(b), it should not merely recite the language of 404(b), but offer a more in-depth analysis. Likewise, if the Government believes this evidence is inextricably intertwined with evidence of a charged offense, it should explain which offense and how. This information should be filed with the Court by not later than 12:00 noon on Tuesday, May 2, 2006. Should the Government make

---

[7] The Court assumes the Government seeks to introduce this evidence as inextricably intertwined with the offenses with which Defendants are charged, rather than as 404(b) evidence. See footnote 3 supra.

such a submission, Defendant Don Harrell will have until noon on Thursday, May 4, 2006, to file a response.

### 4. Excerpts on Don Harrell's Jail Letters to Ms. Doughty

The Government seeks to introduce as inextricably intertwined evidence[8] jail house letters written from Don Harrell to Ms. Doughty. (Doc. # 250 at 7.) Other than reciting excerpts from these letters and highlighting portions therein, the Government offers no argument about why this information may be admissible. Don Harrell opposes this evidence as irrelevant to the case at hand and as an improper attempt to imply Don Harrell has a violent nature. (Doc. # 262 at 6-7.)

Because the Court is unsure for what purpose the Government submits this testimony is admissible, it cannot rule on this evidence at this time. The Court directs the Government to provide more information and identify the specific purpose for which it seeks to introduce the evidence. Furthermore, should the Government seek to introduce this evidence under 404(b), it should not merely recite the language of 404(b) but offer a more in-depth analysis. Likewise, if the Government believes this evidence is inextricably intertwined with evidence of a charged offense, it should explain which offense and how. This information should be filed with the Court by not later than 12:00 noon on Tuesday, May 2, 2006. Should the Government make such a submission, Defendant Don Harrell will have until noon on Thursday, May 4, 2006, to

---

[8] The Court assumes the Government seeks to introduce this evidence as inextricably intertwined with the offenses Defendants with which are charged, rather than as 404(b) evidence. See footnote 3 supra.

file a response.

### III. CONCLUSION

**SO ORDERED**, this the 28th day of April, 2006.

s/ Hugh Lawson
HUGH LAWSON, JUDGE

pdl