# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| **MARTIN L. HARRELL, and** | : | |
| **CHARLES L. HARRELL,** | : | |
| | : | |
| Defendants. | : | |

_____

## **ORDER**

Before the Court are the Government's Motion in Limine Concerning Statements of Unavailable Witness Bobby Powell (Doc. # 273), a joint Response (Doc. # 289) filed by Defendants Martin Harrell and Charles Ladon ("Don") Harrell, and a related Motion in Limine filed by Don Harrell (Doc. # 296). After examining these motions, the Court concludes a pretrial evidentiary hearing shall be held on Monday, May 15, 2006, at 9:00am.[1] In particular, counsel should be prepared to address the following questions:

---

[1] At least two United States Courts of Appeals have held that such a evidentiary hearing must be held prior to trial, while others have found the district court need not hold an independent evidentiary hearing if the requisite findings may be made based upon evidence presented in the course of the trial. Compare United States v. Balano, 618 F.2d 624 (10th Cir. 1979), overruled on other grounds by Richardson v. United States, 468 U.S. 317 (1984), and United States v. Dhinsa, 243 F.3d 635 (2d 2001) with United States v. Emery, 186 F.3d 921 (8th Cir. 1999), and United States v. Gray, 405 F.3d 227 (4th Cir. 2005). The United States Court of Appeals for the Eleventh Circuit does not appear to have taken a position on this matter. See United States v. Zlatogur, 271 F.3d 1025 (11th Cir. 2001). While the Court finds the reasoning utilized by the Eighth and Fourth Circuits more persuasive, and does not believe it is required to hold a pretrial evidentiary hearing, nonetheless it believes that in the present case, such a hearing would be appropriate.

(1)   Can the Government prove by a preponderance of the evidence that a Defendant in this case engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of Bobby Powell, per the requirements of Rule 804(b)(6)?

(2)   Assuming the Court finds that the Government has proven the above question affirmatively, is all of the testimony proffered by the Government in its Motion in Limine (Doc. # 273) relevant to the underlying substantive charges in this case, or is some of it solely related to the issue of whether the hearsay testimony of Bobby Powell is admissible?

(3)   Similarly to question two, assuming the Court finds that the Government has proven the first question affirmatively, is any of the testimony proffered by the Government in its Motion in Limine (Doc. # 273) inadmissible due to Rules 401 and/or 403?

(4)   Are there any hearsay exceptions, other than Rule 804(b)(6), by which any of the testimony proffered by the Government in its Motion in Limine (Doc. # 273) may be admissible in the trial of the underlying substantive charges in this case?

(5)   Assuming the Court finds that the Government has proven the first question affirmatively as to only one Defendant, to what degree is this testimony admissible against both Defendants under a Pinkerton theory of conspiratorial responsibility?[2]

Additionally, the Court orders the Government to release the identities of the witnesses

---

[2] For an examination of a theory of agency based on the principles of conspiratorial liability enunciated in Pinkerton v. United States, 328 U.S. 640 (1946), in the context of Rule 804(b)(6), counsels' attention is initially directed to United States v. Cherry, 217 F.3d 811 (10th Cir. 2000) and United States v. Rivera, 412 F.3d 562 (4th Cir. 2005).

it has only identified by letters of the alphabet in its Motion in Limine (Doc. # 273) to defense counsel by noon on Friday, May 10, 2006.[3]  The Government shall also file a written response to Don Harrell's Motion in Limine (Doc. # 296) by 4:00pm on Friday, May 10, 2006.

**SO ORDERED**, this the 11th day of May, 2006.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

pdl

---

[3] Should the Government contest this directive based on concerns about witness safety, witness tampering, or on any other ground, it should inform the Court at its earliest possible convenience, in writing and in detail.  Otherwise, all counsel and the Defendants are admonished to refrain from engaging in any contact with these witnesses, or any others who may be called in this case, that might even hint of impropriety.

3