IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| MARTIN L. HARRELL, and | : | |
| CHARLES L. HARRELL, | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

The admissibility at Defendants' upcoming trial of various statements allegedly made by Bobby Powell came before the Court for hearing on May 15, 2006. As stated on the record following the presentation of evidence and argument,[1] and for the reasons summarized below, the Court finds these statements will be admissible against both Defendants, Martin Harrell and Charles LaDon ("Don") Harrell. In particular, the Court finds the Government has proven by a preponderance of the evidence that Martin Harrell engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of Bobby Powell, per the requirements of Rule 804(b)(6). While the Court finds the Government has not made the same showing as to Don Harrell, it will conditionally admit Bobby Powell's statements against Don Harrell, subject

---

[1] In addition to the witness testimony and oral argument presented at this pretrial hearing, the Court also considered Government's Motion in Limine Concerning Statements of Unavailable Witness Bobby Powell (Doc. # 273), a joint Response (Doc. # 289) filed by Defendants Martin Harrell and Charles Ladon ("Don") Harrell, a related Motion in Limine filed by Don Harrell (Doc. # 296) and the Government's Response to Don Harrell's Motion in Limine (Doc. # 302).

1

to the Government's proving at trial, by a preponderance of the evidence, that the wrongful procurement of Bobby Powell's unavailability was in furtherance, within the scope, and reasonably foreseeable as a necessary or natural consequence of an ongoing conspiracy in which both Defendants were involved.

I. **FEDERAL RULE OF EVIDENCE 804(b)(6)**

   A. **General Standard**

Rule 804(b)(6) represents a codification of the traditional doctrine of waiver by misconduct, or the concept that a criminal defendant may waive his fundamental Sixth Amendment right to confront witnesses against him when he procures the unavailability of those same witnesses. This hearsay exception provides for the admissibility of "[a] statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness." Fed. R. Evid. 804(b)(6). The United States Court of Appeals for the Eleventh Circuit has established that a preponderance of the evidence standard should be used by trial courts making the aforementioned determination. United States v. Zlatogur, 271 F.3d 1025, 1028 (11th Cir. 2001).

   B. **Potential Pretrial Evidentiary Hearing**

The question of when a district court must make a ruling under Rule 804(b)(6) and determine whether a defendant caused a witness' unavailability has created a split among the United States Courts of Appeals. At least two Courts of Appeals have held that a district court must hold an evidentiary hearing under Rule 804(b)(6) prior to trial. See United States v. Balano, 618 F.2d 624, 629 (10th Cir. 1979) ("We do not wish to emasculate the Confrontation

Clause merely to facilitate government prosecutions . . . . therefore, [] before permitting the admission of grand jury testimony of witnesses who will not appear at trial because of the defendant's alleged coercion, the judge must hold an evidentiary hearing in the absence of the jury and find by a preponderance of the evidence that the defendant's coercion made the witness unavailable."), overruled on other grounds by Richardson v. United States, 468 U.S. 317 (1984); United States v. Dhinsa, 243 F.3d 635, 654-55 (2d Cir. 2001) (finding, consistently with the Second Circuit's pre-804(b)(6) precedent, that a pretrial hearing was necessary).

However, two other Courts of Appeals have found a district court need not hold an independent evidentiary hearing if the requisite findings may be made based upon evidence presented during the course of the trial. See United States v. Emery, 186 F.3d 921, 926 (8th Cir. 1999) ("[A] procedure adapted from the co-conspirator cases [is] appropriate in the present context. In so ruling, we are motivated by the functional similarity of the questions involved and by the fact that the repetition necessarily inherent with a preliminary hearing would amount to a significant waste of judicial resources."); United States v. Gray, 405 F.3d 227, 241 (4th Cir. 2005). The only case in the United States Court of Appeals for the Eleventh Circuit to address Rule 804(b)(6), United States v. Zlatogur, failed to offer any guidance about whether the requisite determination should be made pretrial or at the close of the Government's evidence at trial.

### C. Pinkerton Theory of Conspiratorial Liability

In 2005, the United States Court of Appeals for the Fourth Circuit, while holding a defendant need only acquiesce in wrongdoing to trigger the application of Rule 804(b)(6), noted

that all the other Circuit courts to consider the issue had also so held.  See United States v. Rivera, 412 F.3d 562, 567 (4th Cir. 2005) (collecting cases from the Second, Seventh, Eighth and Tenth Circuits).  The Fourth Circuit based its determination on the plain language of Rule 804(b)(6), which explicitly allows the admissibility of hearsay against a defendant by virtue of his having merely acquiesced in the acts taken to procure the declarant's unavailability.  Id.

The Seventh and Tenth Circuits have gone further, holding that the scope of imputed responsibility for procuring the unavailability of a witness, under both Rule 804(b)(6) and the Confrontation Clause, is coextensive with conspiratorial liability under Pinkerton v. United States, 328 U.S. 640 (1946).  See United States v. Cherry, 217 F.3d 811, 820 (10th Cir. 2000); United States v. Thompson, 286 F.3d 950, 965 (7th Cir. 2002).  Under this extension of the Pinkerton theory of conspiratorial liability, a defendant is deemed to have waived his Confrontation Clause rights not just if the Government can establish by a preponderance of the evidence that he participated directly in the planning or procuring of a declarant's unavailability, but, in the alternative, if the Government can prove by the same standard that "the wrongful procurement [of the witness's unavailability] was in furtherance, within the scope, and reasonably foreseeable as a necessary or natural consequence of an ongoing conspiracy."  Cherry, 217 F.3d at 820.

## II. ANALYSIS

### A. Application of Rule 804(b)(6)

The Court finds the rationale of the Eighth and Fourth Circuits persuasive, and does not

believe it was required to hold a pretrial hearing to determine the applicability of Rule 804(b)(6) to the statements in question here. Nevertheless, in the interest of exercising an abundance of caution, the Court held such a hearing in this case. At the conclusion of that hearing, the Court determined the Government had shown by a preponderance of the evidence that Martin Harrell had participated directly in the planning or procuring of Bobby Powell's unavailability. Thus, Bobby Powell's hearsay statements are admissible against Martin Harrell under Rule 804(b)(6). However, the Court determined that the Government had failed to show that Don Harrell had so directly participated in the planning or procuring of Bobby Powell's unavailability. Accordingly, the Court proceeded to consider whether the Pinkerton theory of conspiratorial liability could be utilized to admit Bobby Powell's statements against Don Harrell.

    **B.**    **Application of Pinkerton**

The Court agrees with those Circuit Courts that have analyzed the clear language of Rule 804(b)(6) and allowed the hearsay statements of an unavailable witness to be used against a defendant who merely acquiesced to the making of said witness unavailable. The Court is similarly persuaded by the Seventh and Tenth Circuit's analogizing findings under 804(b)(6) to those dealing with the conditional admissibility of the hearsay statements of co-conspirators, in accordance with the principles of Pinkerton. Therefore, the Court admitted Bobby Powell's statements against Don Harrell, subject to the Government's proving at trial, by a preponderance of the evidence, that the wrongful procurement of Bobby Powell's unavailability was in furtherance, within the scope, and reasonably foreseeable as a necessary or natural consequence

of an ongoing conspiracy in which both Defendants were involved. Similarly to the Court's previous ruling that it would make an express determination at the conclusion of the Government's evidence at trial whether the elements of Rule 801(d)(2)(E) had been established by a preponderance of the evidence (Doc. # 293), the Court will make the same determination in this matter at the conclusion of the Government's evidence at trial.[2]

### C. Additional Holdings

The Court made two additional rulings at the conclusion of the Monday, May 15, 2006, evidentiary hearing. First, Bobby Powell should not be referred to as deceased during the trial. Despite the Court's finding that the Government has proven by a preponderance of the evidence that at least one Defendant has made Bobby Powell unavailable, no Defendants has ever been charged with, much less convicted of, the murder of Bobby Powell. Therefore, counsel for the Government and Defendants, as well as any witnesses they may call to testify, should not refer to Bobby Powell as deceased or state that the Defendants have killed him. Instead, the Government may introduce Bobby Powell's hearsay statements, and the Government may proffer that it has attempted to locate Bobby Powell without success.

Second, all of the hearsay testimony of Bobby Powell proffered or testified to as of the

---

[2] It goes without saying that should the Court determine that the Government has failed to prove Don Harrell's participation in such a conspiracy by a preponderance of the evidence at the close of the Government's evidence, more than the admissibility of various pieces of evidence will be implicated. Therefore, and in large part because Don Harrell has only been indicted on two counts of conspiracy in the present case, the Court is satisfied that any prejudice Don Harrell may incur from the admissibility of co-conspirator statements and statements of an unavailable witness will not prejudice him in the ultimate determination of his guilt or innocence, should he not be found by the Court to have participated in the alleged conspiracy.

date of this Order will be admissible in the upcoming trial. Defense counsel have argued that some of Bobby Powell's statements were solely related to the question of whether the Defendants made him unavailable, but were irrelevant to the underlying substantive charges in this case. In essence, Defendants argued that the alleged conspiracy to injure Bill Chandler that underlies the charges in Counts One and Two of the indictment ended when the attack on Bill Chandler went awry, and that any subsequent evidence relating to the making of Bobby Powell unavailable related to a second and subsequent alleged conspiracy. The Court rejects this argument, and instead holds that any attempt to silence Bobby Powell, or make him unavailable, is part and parcel with the original conspiracy to intimidate Bill Chandler and force him to pay the contested debt that lies at the heart of this case. Therefore, any statements that relate to alleged attempts by Defendants to make Bobby Powell unavailable have direct relevance to the single underlying conspiracy in this case and are admissible as such.

### III.  CONCLUSION

**SO ORDERED**, this the 16th day of May, 2006.

                                                 **s/   Hugh Lawson**
                                                 HUGH LAWSON, JUDGE

pdl